

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                                    *973-645-2700*
*Newark, New Jersey 07102*

January 22, 2025

**Via ECF and Email**

The Honorable Michael A. Hammer
United States Magistrate Judge
MLK Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

       Re:    *United States v. Daniel Dadoun*, Mag. No. 23-8137 –
             Government Opposition to Motion for Modification of Bail
             Conditions

Dear Judge Hammer:

       Please accept this letter in lieu of a more formal response in opposition to Defendant's motion for modification of his bail conditions (ECF No. 25). The Court should deny Defendant's request.

### Background

       Defendant has been charged by criminal complaint with four counts of bank fraud and two counts of transacting in criminal proceeds associated with a scheme to defraud the U.S. Paycheck Protection Program of over $3.2 million in federal COVID-19 emergency relief funds, based on false and fraudulent loan and forgiveness applications. (ECF No. 1.) Defendant, who is not a U.S. citizen and holds passports from Israel, Canada, and France, was arrested at JFK Airport on

November 12, 2023 upon arrival to the United States from China. Defendant was thereafter detained. (ECF No. 6.)

On September 19, 2024, Defendant was released on bail, over the Government's objection, and the Court imposed strict conditions of home incarceration. (*See* ECF Nos. 19, 20.) The Government opposed Defendant's request for release given the significant risk of flight. Dadoun is a non-U.S. citizen with connections to several foreign countries and he has been charged with serious offenses. He has access to significant funds including funds held both U.S. and foreign bank accounts, and he lacks ties to the community; his entire family resides in Israel.

## A. Defendant Has Not Been Compliant With Conditions of Home Incarceration, and Does Have a Criminal History

Defendant has not remained compliant with the terms of his home incarceration. For example, according to Pretrial Services, when asked to provide proof of his attendance at a recent medical appointment on January 16, 2025, Defendant was unable to do so, and said that the appointment had been cancelled. Location monitoring indicated that Defendant left his residence that day to go shopping. When questioned about his whereabouts on January 19, 2025, another day on which Defendant purportedly had a medical appointment, Defendant reported to Pretrial Services that his appointment was rescheduled from 9:30 a.m., to 11 a.m., to 1:00 p.m., and that he traveled around Manhattan during that time. Pretrial Services is awaiting confirmation of Defendant's attendance at a medical appointment on that date.

Defendant's motion seeking modification of his bail conditions is also not accurate to the extent he claims that this is his first interaction with law enforcement and that he has no criminal history.  In fact, in 2014 Defendant was charged by state authorities in New Jersey with making false statements to law enforcement in connection with an incident at a business he operated, where a worker was electrocuted.  He received a conditional discharge, which is part of his criminal history.

## B. The Government Opposes Defendant's Extensive Requests for Modification

At the bail hearing on September 19, 2024, Defendant specifically asked that he be permitted to leave his residence for religious services, and the Court denied that request. (ECF No. 19.[1]) Nothing has changed that would warrant the Court revisiting that ruling, particularly given Defendant's recent noncompliance with his current conditions of release.  Defendant continues to present a significant flight risk, and modification of his conditions to permit in-person attendance at religious services three times per day during weekdays, and twice on weekends, would permit him extensive freedom to leave his residence that would make it more difficult for Pretrial Services to monitor his location and ensure his compliance with conditions and his attendance for required court proceedings.

Defendant's current conditions of release already provide an accommodation for attorney visits.  However, the Government opposes Defendant's request that he

---

[1] A copy of this transcript has been ordered, but not yet received.

be granted blanket permission to cross state lines to meet with his civil attorneys for five hours per day, twice a week, for a duration of six months.  Neither Defendant nor his attorneys have presented any justification as to why this modification of bail conditions is necessary or would be appropriate under the circumstances.  Defendant is represented by counsel as to these civil cases, none of which appear to name him personally as a litigant, and the cases appear to be straightforward contract, landlord-tenant, and zoning matters.  The Government is concerned that given the Defendant's recent use of purportedly scheduled "medical appointments" to leave his residence for unauthorized purposes, modifying his conditions to permit this extensive, regular, out-of-state travel for purported attorney visits would present a significant risk of flight and could impede Pretrial Services' ability to monitor his location.

## Conclusion

For the reasons explained above and on the record at the bail hearing on September 19, 2024, the Court should deny Defendant's request for modification of bail conditions.  (ECF No. 25.)

Respectfully submitted,

VIKAS KHANNA
ACTING UNITED STATES ATTORNEY


/s/ Katherine M. Romano
_____
By:    Katherine M. Romano
       Assistant U.S. Attorney

cc: Counsel of Record (via ECF)