

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Katherine M. Romano*　　　　　　　　　　　970 Broad Street, 7th floor　　　973-645-2700
*Assistant U.S. Attorney*　　　　　　　　　　　Newark, New Jersey 07102

April 3, 2025

The Honorable Robert Kirsch
United States District Judge
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 07808

　　　　　Re:　*United States v. Daniel Dadoun*

Dear Judge Kirsch:

　　　On April 8, 2025, defendant Daniel Dadoun is expected to enter a plea of guilty to an Information charging bank fraud and money laundering. Following entry of defendant's plea, the United States will move for defendant's detention pending sentencing, pursuant to 18 U.S.C. § 3143. The United States respectfully submits this letter brief in support of its anticipated motion seeking detention pending sentencing.

## Background and Procedural History

　　　On November 9, 2023, defendant was charged by criminal complaint with four counts of bank fraud and two counts of money laundering associated with a scheme to defraud the U.S. Paycheck Protection Program ("PPP") of over $3.2 million in federal COVID-19 emergency relief funds, based on false and fraudulent loan and forgiveness applications. Defendant was arrested at JFK Airport on or about November 12, 2023, upon arrival in the United States on a flight from China.

　　　On or about February 6, 2025, defendant signed a plea agreement to plead guilty to a two-count information charging bank fraud, in violation of 18 U.S.C. § 1344, and money laundering, in violation of 18 U.S.C. § 1957. Defendant's plea hearing is scheduled for April 8, 2025.

1

Defendant consented to detention at the time of his arrest but he later sought release on bail. (ECF Nos. 5, 18.) The Government opposed defendant's release, but the Court granted bail on September 19, 2024 and imposed strict conditions of home incarceration with GPS monitoring. (*See* ECF Nos. 19, 20.) The terms of defendant's home incarceration require him to remain at home on 24-hour lockdown except for attorney visits, medical necessities, court appearances, and – as of March 6, 2025 – religious services at an approved location and times. (*See* ECF Nos. 20, 31.) As explained in more detail below, defendant has violated the term of his release several times.

## Legal Standard

Title 18, United States Code, Section 3143 provides that the Court must order that a person who has been found guilty of an offense and who is awaiting imposition of a sentence be detained, unless the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community.

Courts have observed that 18 U.S.C. § 3143 "establishes a rigorous evidentiary test" to evaluate risk of flight, and that the defendant "bears the burden of meeting this high standard." *United States v. Holtz*, Cr. No. 92-459 1995 U.S. Dist. LEXIS 3075, *8 (E.D. Pa. Mar. 13, 1995). "[T]here can be no question that proof by clear and convincing evidence is a more stringent standard than proof by a preponderance of the evidence." *United States v. Askari*, 222 F. App'x 115, 119 (3d Cir. 2007). The Third Circuit has favorably cited the Supreme Court of New Jersey's definition of "clear and convincing evidence," as "that which 'produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" *Id.*

### A. Defendant Presents a Serious Risk of Flight and Cannot Overcome the Presumption in Favor of Detention.

"The factors to be considered in assessing the risk of flight post-conviction are the same as those applied pre-trial and include: (1) the nature and circumstances of the offense, (2) the defendant's family ties, (3) the defendant's employment status, (4) the defendant's financial resources, (5) the defendant's character and mental condition, (6) the length of defendant's residence in the community, (7) any prior criminal record and (8) any flight or failures to appear in court proceedings prior to or during the time of trial."

*United States v. Chaudhry*, Cr. No. 06-771, 2007 U.S. Dist. LEXIS 119047, *2 (D.N.J. Aug. 21, 2007).

In this case, the factors weigh in favor of detention. Defendant is not a citizen of the United States and he lacks legal status. He has no work authorization and, accordingly, is unemployed. He is a citizen of three countries: Israel, France, and Canada. He holds passports for all three countries, and before his arrest in this case he primarily resided in Israel. Defendant's entire family resides in Israel, he has no family in the United States, no permanent residence in the United States, and no longstanding ties to the community. Defendant has significant financial resources and is believed to control numerous foreign bank accounts including accounts in Israel, Canada, and Vietnam. He admitted to receiving $3.2 million in fraudulently obtained PPP loans as a result of the present offense; none of the loans have been repaid.

Defendant's potential sentencing exposure is significant. Bank fraud carries a statutory maximum sentence of 30 years in prison and defendant is statutorily ineligible for a sentence of probation as to bank fraud, a Class B felony. Defendant has stipulated to a Guidelines calculation that, at minimum, contemplates an offense level of 21 and a Guidelines range of 37 to 46 months.[1] Defendant has a criminal history, having previously received a conditional discharge for an obstruction of justice offense which, according to publicly available sources, arose from lying to police officers regarding the electrocution of one of his employees at a New Jersey-based business. Defendant has appeared for all court appearances as required in this case, but has not been compliant with the terms of his pretrial release, as described in greater detail below.

The nature and circumstances of this offense are also serious. Defendant lied on several PPP loan applications to get a total of over $3.2 million in PPP loans, and then lied on forgiveness applications so that he would not have to pay back the government loans. Defendant then diverted the funds for his own purposes, including to foreign bank accounts.

Because defendant presents a significant risk of flight and cannot establish by "clear and convincing evidence" that he is not likely to flee, the Court should order that he be detained pending sentencing pursuant to 18 U.S.C. § 3143. *See, e.g., Holtz*, 1995 U.S. Dist. LEXIS 3075 at *9-13 (denying bail pending sentencing where defendant had minimal ties to the community,

---

[1] An offense level of 21 would apply if defendant falls within Criminal History Category I and qualifies under U.S.S.G. § 4C1.1 as a "Zero Point Offender." Otherwise, the offense level would be higher.

"almost certainly has access to substantial assets," and faced a sentence of 24 to 30 months).

### B. Defendant Has Not Been Compliant with Conditions of Home Incarceration

Defendant has not remained compliant with the terms of his home incarceration. Pretrial Services has determined that defendant violated the terms of his pretrial release conditions on multiple occasions:

- On January 16, 2025, defendant purportedly had a medical appointment, but instead went shopping for approximately two hours. Defendant denied traveling to a particular shopping center, but GPS monitoring showed that he had been at the shopping center. Defendant failed to provide proof of attendance at the appointment.

- On January 19, 2025, defendant purportedly had a medical appointment, but instead traveled around Manhattan. Defendant failed to provide documentation verifying this medical appointment.

- On March 21, 2025, defendant visited a synagogue that was not approved by Pretrial Services, contrary to the Court's order which permitted travel only to a verified synagogue.[2]

- On March 22, 2025, defendant deviated from his approved plan to attend religious services to make an unauthorized stop at a private residence. Defendant told Pretrial Services he was at that location for 20 minutes, when in fact he was there for over an hour.

- On March 29, 2025, after having been warned about the prior instances of noncompliance, defendant again deviated from his approved plan to attend religious services to make an unauthorized stop at a private residence. Defendant told Pretrial Services that he was at that location for 20 minutes, when in fact he was there for 40 minutes.

Defendant has disregarded the conditions of his release set by the Court. When asked to explain, he has lied to Pretrial Services. Defendant appears to be using the accommodations that the Court has provided for

---

[2] The order permitting defendant's attendance at religious services limited defendant's attendance to a particular synagogue that was willing to verify his attendance.

4

medical appointments and religious services to circumvent his conditions of release and travel freely in the community, despite Pretrial Services officers warning and instructing him not to do so. Defendant's failure to comply with the current terms of pretrial release further suggests a risk of flight and a risk that he will fail to appear for sentencing.

## Conclusion

For these reasons, the United States respectfully submits that following entry of defendant's guilty plea, the Court should order him to be detained pending sentencing pursuant to 18 U.S.C. § 3143.

Respectfully submitted,

ALINA HABBA
United States Attorney

By: *s/ Katherine M. Romano*
KATHERINE M. ROMANO
Assistant U.S. Attorney

cc: Anthony J. Pope, Jr., Esq. (via ECF and email)
David Hernandez, Senior U.S. Pretrial Services Officer (via email)